**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

LARRY L. JOHNSON                                                                    PLAINTIFF

v.                                         4:24CV00647-JM-JTK

STERLING PENIX, et al.                                                          DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition ("Recommendation") has been sent to United States District Judge James M. Moody, Jr.    Any party may file written objections to all or part of this Recommendation.    If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation.    By not objecting, you may waive the right to appeal questions of fact.

**DISPOSITION**

**I.        Introduction**

Larry L. Johnson ("Plaintiff") was incarcerated in the Faulkner County Detention Center (the "Detention Center") at the time he filed this lawsuit.    (Doc. No. 2 at 4). Plaintiff has since been released from custody.    (Doc. No. 30).    Plaintiff's conditions of confinement claims against Defendants Watkins, McJunkins, Howard, Holliday, Stracener, Jackson, and Solomon (collectively, "Defendants") remain pending.    (Doc. Nos. 2, 26, 27).

Defendants filed a Motion for Summary Judgment on the merits of Plaintiff's claims, Brief in Support, and Statement of Facts.    (Doc. Nos. 38-40).    On May 7, 2025, the Court directed Plaintiff to respond to Defendants' Motion within thirty (30) days, or by June 6, 2025.    (Doc. No. 41).    The Court advised Plaintiff that failure to comply with the Order would result in all of the

facts set forth in Defendants' summary judgment papers being deemed admitted, or the dismissal of the action without prejudice for failure to prosecute.    (Id.)    To date, Plaintiff has not filed a response.

After careful consideration of the record before me and for the reasons explained below, I recommend Defendants' Motion be granted.

## II.    Plaintiff's Claims

Plaintiff sued Defendants in their personal and official capacities.    (Doc. No. 2 at 2). Plaintiff's statement of claim reads, in its entirety:

> 1.    7/5/24 Officer Holiday came in, asked me to take my clothes off the fence line from drying.    I was mad so I snatched my clothes and cut my knuckles.    I then asked Holiday + Stracener for a band-aid but they both said that it wasn't anymore left so I had to use tissue.
>
> 2.    7/10/24 I have a hurting cough that won't go away and it comes more at night due to mold on my trays, showers + vents that I've been exposed to.    I have verbally told every defendant on my list as well as exhausted my grievance process about the conditions of the jail and how it's affecting me personally, especially when I was almost stabbed by an inmate because of the broken chicken fences, I have P.T.S.D.
>
> 3.    7/12/24   Mr. Sterling Pendix, Sgt. Howard, as well as other officers came by and asked if we were being treated right, or if anything was wrong.    I did a walk through with Penix, Howard, Stracener, Lt. Collins, and a member of the jail committee pointing out what I grieved about, mold in the showers, on the vents, big hole on the chicken fence where weapons was being made and permanent scars the fence left on my hand, holes in the shower roof, toilets + sinks that don't work, so hygiene is impossible to keep up with as well as my safety.    I'm diagnosed with chronic post traumatic stress disorder and this jail has made it a lot worse.

(Id. at 5-6).

Plaintiff seeks injunctive relief and damages.    (Id. at 7).

## III.    Summary Judgment Standard

Pursuant to FED. R. CIV. P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a

matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

In addition, "[a]ll material facts set forth in the statement (of undisputed material facts) filed by the moving party...shall be deemed admitted unless controverted by the statement filed by the non-moving party . . . ." Local Rule 56.1, Rules of the United States District Court for the Eastern and Western Districts of Arkansas. Failure to properly support or address the moving party's assertion of fact can result in the fact considered as undisputed for purposes of the motion. FED. R. CIV. P. 56(e).

## IV.    Analysis

Plaintiff indicated that at the time he filed his Complaint he was awaiting trial on pending criminal charges. (Doc. No. 2 at 3.) A pretrial detainee's conditions of confinement claim is governed by the standard set out by the United States Supreme Court in Bell v. Wolfish, 441 U.S. 520 (1979). Stearns v. Inmate Services Corp., 957 F.3d 902, 906 (8th Cir. 2020). As announced in Bell, pretrial detainees are protected under the Due Process Clause of the Fourteenth Amendment

3

from conditions of confinement that amount to punishment.    441 U.S. at 535.    Conditions amount to punishment under <u>Bell</u> if the conditions are intentionally punitive, were not reasonably related to a legitimate governmental purpose, or were excessive in relation to that purpose.    <u>Stearns</u>, 957 F.3d at 907.    Mere negligence is insufficient to support a claim under <u>Bell</u>.    <u>Id</u>. at 908 n.5.

As an initial matter, the Court notes that Plaintiff has not filed a response to Defendants' Motion.    He has not controverted any material fact set forth by Defendants in their statement of undisputed material facts.    Accordingly, all material facts submitted by Defendants (Doc. No. 40) are deemed admitted.    Local Rule 56.1(c); FED. R. CIV. P. 56(e).

### A.    Mold

Plaintiff alleged that mold in the Detention Center that caused his cough.    But even accepting as true the allegation that there is mold in the Detention Center, Plaintiff has not come forward with any evidence that the mold present at the Detention Center was toxic or otherwise harmful to his health.    See <u>Stacy v. Rice</u>, No. 4:17-CV-153-SWW-BD, 2018 WL 1802560, at *3 (E.D. Ark. Mar. 28, 2018), <u>report and recommendation adopted,</u> No. 4:17-CV-153-SWW-BD, 2018 WL 1796538 (E.D. Ark. Apr. 16, 2018) (citing Erin Masson Wirth, <u>Toxic Mold in Residences and Other Buildings: Liability and Other Issues</u>, 114 A.L.R. 5th 397, § 2a (2003)("of 100,000 species of mold, most are not dangerous")).    Further, the Detention Center passed the Arkansas Department of Corrections Criminal Detention Facilities inspection on July 12, 2024—Plaintiff even mentions the inspection walk-through in his Complaint.    (Doc. No. 2 at 6; Doc. No. 40-7).    The inspection took into consideration the physical condition of the Detention Center, among other things.    (Doc. No. 40-7).    Mold is not mentioned in the inspection report.    And there is no medical evidence supporting Plaintiff's claims that mold or other conditions at the Detention Center caused his cough.

**B.     The Fence**

Plaintiff complained that he got scratched on the Detention Center's fence.  He also complained that other inmates were making weapons from the fencing material.   Again, Plaintiff acknowledged in his Complaint that he mentioned the fence during the inspection of the Detention Center.   (Doc. No. 2 at 6).   The inspection report notes that "[t]he staff is working to update select areas of the internal fence areas" and "[t]he staff is working to remove fence fixtures within select housing areas."   (Doc. No. 40-7 at 3).   But no danger from the fence is noted in the report.   And Plaintiff has not come forward with evidence that the condition of the fence was punitive— intentionally or otherwise.

**C.     Other Conditions**

Plaintiff also complained about holes in the shower roof and sinks and toilets that do not function properly.   Plaintiff provided no proof of the severity of these conditions and has not come forward with evidence that these conditions were punitive—intentionally or otherwise.

\* \* \*

Plaintiff's Complaint was brief—it included sufficient factual allegations to nudge it past screening pursuant to the Prison Litigation Reform Act but nonetheless provided scant detail about the conditions of which he complained.   Plaintiff could have supplied evidence of the conditions at the Detention Center in his response to Defendants' Motion for Summary Judgment.   But Plaintiff did not file a Response.   He did not contest Defendants' Statement of Indisputable Material Facts (Doc. No. 40).   Plaintiff did not meet proof with proof to establish facts in dispute that would preclude summary judgment in Defendants' favor.   Wilson v. Miller, 821 F.3d 963, 970 (8th Cir. 2016) (allegations must be substantiated with sufficient probative evidence); Bolderson v. City of Wentzville, Missouri, 840 F.3d 982, 986-87 (8th Cir. 2016) (noting plaintiff's

duty to meet proof with proof in affirming summary judgment in defendant's favor).   As the record stands, no reasonable jury could find that Defendants subjected Plaintiff to unlawful conditions of confinement.   Accordingly, the Court recommends Defendants' Motion be granted.

## V.    Conclusion

IT IS, THEREFORE, RECOMMENDED that:

1.    Defendants' Motion for Summary Judgment (Doc. No. 38) be GRANTED.

2.    Plaintiff's claims against Defendants Watkins, McJunkins, Howard, Holliday, Stracener, Jackson, and Solomon be DISMISSED with prejudice.

3.    Plaintiff's Complaint (Doc. No. 2) be DISMISSED.

4.    The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order and the related Judgment would not be taken in good faith.

Dated this 11ᵗʰ day of June, 2025.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE